which they could be drawn. In addition to the inherent improbability of this defense, however, the moving affidavits set forth, in considerable detail, and positively, facts showing its falsity. Many of the allegations of said affidavits relate to interviews with and admissions by the defendant of the justice of the plaintiff's claim, and it is quite significant that the only affidavit made by defendant in response thereto is one in which he states that he "believes" the answer interposed by him is true, etc. I think that the answer should be stricken out as sham, within the principles laid down in Bank v. Slattery, 4 App. Div. 421, 38 N. Y. Supp. 859; Bank v. Spencer, ˙76 N. Y. 155; Bank v. Rider, 74 Hun, 349, 26 N. Y. Supp. 490; Bank ˙v. Inman, 51 Hun, 97, 5 N. Y. Supp. 457. The motion is granted, with $10 costs.

Motion granted, with $10 costs.

---

·(24 Misc. Rep. 169.)

BARNEY & SMITH CAR CO. v. SYRA¦CUSE RAPID-TRANSIT RY. CO. et al.

(Supreme Court, Special Term, Onondaga County. June, 1898.)

ᴵPLEADING—MOTION TO ˙STRIKE IRRELEVANT AND SCANDALOUS MATTER.
    In an action for damages sustained through the alleged fraudulent acts and conspiracy of defendants, paragraphs of the complaint bearing on the probability of, and furnishing a reason and basis for, the purposes of defendant in doing the alleged acts, will not be stricken out as irrelevant and scandalous.

Action by the Barney & Smith Car Company against the Syracuse ˙Rapid-Transit Railway Company et al. Motion to strike out portion ·of complaint. Denied.

Stone, Gannon & Petit, for the motion.
W. S. Andrews, opposed.

HISCOCK, J. This is an action to recover damages claimed to have been sustained through the alleged fraudulent acts and conspiracy of the defendants, whereby they obtained from the plaintiff, without paying therefor, a large amount of street cars. The purposes which defendants sought to accomplish by obtaining these cars, and the reasons why they formed the plan of so doing, as claimed, are set forth quite fully in paragraph 11 of the complaint. I think it would be proper for plaintiff to prove the facts set forth in the paragraphs attacked by this motion as bearing upon the probability of, and furnishing a reason and basis for, the purposes alleged at said paragraph 11 to have been formed by the defendants. At least, I do not regard it so plainly established that the allegations in question set forth facts which will be immaterial in an action of this character, where the proofs are apt to take a wide range, that they should be stricken out ˙upon this preliminary motion. The motion is therefore denied, with ·$10 costs to plaintiff, to abide the event.

Motion denied, with $10 costs to plaintiff, to abide event.